**Bradley Arant Boult Cummings LLP**
Charles E. Elder (SBN 186524)
*celder@bradley.com*
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel: (615) 252-3597
Fax: (615) 252-6380

**Bradley Arant Boult Cummings LLP**
Skylar Williams (SBN 341028)
*swilliams@bradley.com*
1230 Peachtree Street NE, Suite 2100
Atlanta, GA 30309
Tel: (404) 868-2013
Fax: (404)868-2010

*Attorneys for Defendant*
*FIRST-CITIZENS BANK*
*& TRUST COMPANY*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D., | Case No. 5:25-cv-02505 |
| *Plaintiffs*, | **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| v. | |
| FIRST-CITIZENS BANK & TRUST COMPANY; and DOES 1-20, | |
| *Defendants*. | |

PROOF OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL

I, Charles E. Elder, certify and declare that I am over the age of 18 years and not a party to the within action.  My business address is: Bradley Arant Boult Cummings LLP, 1230 Peachtree St, Suite 2100, Atlanta, Georgia 30309, where the mailing described below took place.

On **September 23, 2025**, I served the attached document described as **NOTICE OF FILING OF NOTICE OF REMOVAL** on the following parties to this action addressed as stated below:

> Yoon O. Ham
> Law Office of Yoon O. Ham
> 1425 W Foothill Blvd., Suite 235
> Upland, CA 91786
> Telephone: 909-256-2920
> Email: hamyesq@gmail.com
>
> *Counsel for Plaintiffs*

[X]   **U.S. MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Date: September 23, 2025          *s/ Skylar Williams*
                                  Skylar Williams (SBN 341028)

**Bradley Arant Boult Cummings LLP**
Charles E. Elder (SBN 186524)
*celder@bradley.com*
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel: (615) 252-3597
Fax: (615) 252-6380

**Bradley Arant Boult Cummings LLP**
Skylar Williams (SBN 341028)
*swilliams@bradley.com*
1230 Peachtree Street NE, Suite 2100
Atlanta, GA 30309
Tel: (404) 868-2013
Fax: (404)868-2010

*Attorneys for Defendant*
*FIRST-CITIZENS BANK*
*& TRUST COMPANY*

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
9/23/2025 11:55 AM
By: Gabriela Flores, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN BERNARDINO
## RANCHO CUCAMONGA DISTRICT

| | |
|---|---|
| PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D., | Case No. CIVRS2506904 |
| *Plaintiffs*, | **NOTICE OF FILING OF NOTICE OF REMOVAL** |
| v. | |
| FIRST-CITIZENS BANK & TRUST COMPANY; and DOES 1-20, | Hon. Gilbert Ochoa |
| *Defendants*. | |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

Notice is hereby given that, pursuant to the provisions of 28 U.S.C. §§ 1441 *et seq*., Defendant First-Citizens Bank & Trust Company ("First Citizens Bank" or "FCB"), on this the 23rd day of September, 2025, filed with the Clerk of the United States District Court for the Central District of California, Eastern Division, a Notice of Removal for Case No. CIVRS2506904 from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California, Eastern Division.  A copy of said Notice of Removal is attached hereto as Exhibit 1.

DATED this 23rd day of September, 2025.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP


*/s/ Skylar Williams*

Charles E. Elder
Skylar Williams

*Attorneys for Defendant*
*First-Citizens Bank & Trust Company*

---

**FIRST CITIZENS BANK'S NOTICE OF FILING NOTICE OF REMOVAL**

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, not a party to the within action. My business address is: Bradley Arant Boult Cummings LLP, 1230 Peachtree St, Suite 2100, Atlanta, Georgia 30309.

On **September 23, 2025**, I served the foregoing document described as:

**NOTICE OF FILING NOTICE OF REMOVAL**

on the following parties to this action addressed as stated below:

> Yoon O. Ham
> Law Office of Yoon O. Ham
> 1425 W Foothill Blvd., Suite 235
> Upland, CA 91786
> Telephone: 909-256-2920
> Email: hamyesq@gmail.com
>
> *Counsel for Plaintiffs*

[X]    **U.S. MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]    **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated above.

[X]    **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated above.

[ ]    **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Date: September 23, 2025                     */s/ Skylar Williams*

---

**FIRST CITIZENS BANK'S NOTICE OF FILING NOTICE OF REMOVAL**

# EXHIBIT 1

**Bradley Arant Boult Cummings LLP**
Charles E. Elder (SBN 186524)
*celder@bradley.com*
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel: (615) 252-3597
Fax: (615) 252-6380

**Bradley Arant Boult Cummings LLP**
Skylar Williams (SBN 341028)
*swilliams@bradley.com*
1230 Peachtree Street NE, Suite 2100
Atlanta, GA 30309
Tel: (404) 868-2013
Fax: (404)868-2010

*Attorneys for Defendant*
*FIRST-CITIZENS BANK*
*& TRUST COMPANY*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D., | Case No. |
| *Plaintiffs*, | **NOTICE OF REMOVAL** |
| v. | |
| FIRST-CITIZENS BANK & TRUST COMPANY; and DOES 1-20, | |
| *Defendants*. | |

Pursuant to 28 U.S.C. §§ 1441 & 1446, Defendant First-Citizens Bank & Trust Company ("First Citizens Bank" or "FCB") hereby gives notice of its removal of this action from the Superior Court of the State of California, County of San Bernardino, where it is now pending, to the United States District Court for the Central District of California. First Citizens Bank states the following as grounds for this removal:

## TIMELINESS OF REMOVAL

1.     First Citizens Bank is the only defendant named in a civil action filed August 21, 2025, in the Superior Court of the State of California, County of San Bernardino, Case No. CIVRS2506904, *Parkside Medical Group and Mohsen Ali, M.D. v. First-Citizens Bank & Trust Company, et al.*  Copies of all the process, pleadings, and orders served upon FCB, as well as copies of all such documents contained in the Clerk's records from the state court action, are attached to this Notice as **Exhibit A**.

2.     FCB was served with process on August 26, 2025.  This removal is therefore timely under 28 U.S.C. § 1446(b), since FCB filed this notice within 30 days of service.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

## GROUND FOR REMOVAL – DIVERSITY OF CITIZENSHIP

3.     Removal of this action to this Court is proper under 28 U.S.C. § 1441 because this action could have been filed in this Court under 28 U.S.C. § 1332.  The action meets both requirements of this statute: there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.     To establish diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the parties.  *See, e.g.*, *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Here, there are two Plaintiffs and one named defendant, FCB. They are citizens of different states, and the citizenship of the fictional Doe defendants is to be disregarded.  28 U.S.C. § 1441(b)(1).  Therefore, complete diversity exists.

5. FCB is a state chartered bank under the laws of North Carolina with its principal place of business in Raleigh, North Carolina. Compl. at 3, ¶ 5. Therefore, FCB is a citizen of North Carolina.

6. The Complaint alleges that Plaintiffs are citizens of California. Compl. at 2-3, ¶¶ 3-4. As a result, there is complete diversity between the parties. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. To establish diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy also must exceed $75,000. Here, the amount in controversy requirement is easily satisfied because the Complaint alleges that FCB failed to reimburse Plaintiffs for losses in the amount of $149,721.80 which Plaintiffs seek to recover among other alleged damages. Compl. at 8, ¶ 31. Therefore, the amount in controversy exceeds $75,000.

## VENUE

8. Venue is proper in this district under 28 U.S.C. § 1441(a) because the United States District Court for the Central District of California is the federal district court for the district and division within which the above-referenced state court action is currently pending.

## NOTICE TO PLAINTIFF AND STATE COURT

9. Pursuant to 28 U.S.C. § 1446(d), FCB will file a copy of this notice of removal with the Clerk of the Superior Court of the State of California, County of San Bernardino, and will serve it on Plaintiff.

**WHEREFORE**, FCB hereby removes the action pending against it in the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California. FCB prays this Court will make any and all orders necessary to effect the removal of this action from the Superior Court of the State of California, County of San Bernardino, and will prepare the true record of all proceedings that may have been had in the state court.

//

This the 23rd day of September, 2025.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ Skylar Williams

Charles E. Elder
Skylar Williams

*Attorneys for Defendant*
*First-Citizens Bank & Trust Company*

NOTICE OF REMOVAL

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the below-listed individuals were served by U.S. mail, first class, and electronic mail on September 23, 2025:

Yoon O. Ham
Law Office of Yoon O. Ham
1425 W Foothill Blvd., Suite 235
Upland, CA 91786
Telephone: 909-256-2920
Email: hamyesq@gmail.com

*Counsel for Plaintiffs*

*/s/ Skylar Williams*

NOTICE OF REMOVAL

# EXHIBIT A

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVRS2506904)**                                    09/18/2025 16:45:05

---

## CIVRS2506904

| |
|---|
| ALI, M.D.et al |
| -v- |
| FIRST-CITIZENS BANK & TRUST COMPANYet al |

### Case Information

| | |
|---|---|
| **Case Type:** | Other non-PI/PD/WD Tort Unlimited |
| **Case Number:** | CIVRS2506904 |
| **Citation Number:** | |
| **Filing Date:** | 8/21/2025 |
| **Case Status:** | Active |
| **Court Location:** | Rancho Cucamonga |
| **Judicial Officer:** | Gilbert Ochoa |
| **Next Hearing:** | 2/23/2026 9:00AM Dept R17 - Rancho Cucamonga |

### Case Flags

| |
|---|
| |

### Demographic Information

| | |
|---|---|
| **Date of Birth** | |
| **Race:** | |
| **Sex:** | |
| **Height:** | #Error |
| **Weight:** | |
| **Hair Color:** | |
| **Eye Color:** | |
| **DL #:** | |
| **FBI #:** | |
| **State ID:** | |

### Address

| | |
|---|---|
| **Street Name:** | |
| **City:** | |
| **State:** | |
| **Zip:** | |

### Alias(s) / Nickname(s)

| |
|---|
| |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVRS2506904)**                                    09/18/2025 16:45:05

## Cross Reference

|  |  |
|---|---|
|  |  |

## Parties

| Type | Name | Status |
|---|---|---|
| Plaintiff | ALI M.D., MOHSEN | Active |
| Defendant | FIRST-CITIZENS BANK & TRUST COMPANY | Active |
| Plaintiff | PARKSIDE MEDICAL GROUP, INC | Active |
| Defendant | Does 1-20 | Active |

## Attorneys

| Representing | Name |
|---|---|
| MOHSEN ALI M.D. | **Law Office of Yoon O Ham** |
| PARKSIDE MEDICAL GROUP, INC | **Law Office of Yoon O Ham** |

## Events

| File Date | File Type | Filed By |
|---|---|---|
| 9/5/2025 | Proof of Service of Summons and Comp/Pet Filed | MOHSEN ALI, PARKSIDE MEDICAL GROUP, INC |
| **Comment:** | Proof of Service of Summons and Complaint Electronically Filed | |
| 8/22/2025 | Notice of Hearing Sent | Law Office of Yoon O Ham |
| 8/22/2025 | Mandatory eService | Law Office of Yoon O Ham |
| 8/22/2025 | eService Document Served | |
| **Comment:** | Document(s) Served to Law Office of Yoon O Ham at hamyesq@gmail.com | |
| 8/22/2025 | Summons Issued and Filed | MOHSEN ALI, PARKSIDE MEDICAL GROUP, INC |
| 8/21/2025 | Jurisdiction Verified | |
| **Comment:** | Upland, CA 91786 | |
| 8/21/2025 | Complaint Filed | MOHSEN ALI, PARKSIDE MEDICAL GROUP, INC |
| 8/21/2025 | Certificate of Assignment Received | MOHSEN ALI, PARKSIDE MEDICAL GROUP, INC |
| 8/21/2025 | Civil Case Cover Sheet Filed | MOHSEN ALI, PARKSIDE MEDICAL GROUP, INC |

# Court Access Portal

**Superior Court of California - County of San Bernardino**

**Case Summary (CIVRS2506904)**                                        09/18/2025 16:45:05

## Hearings

| Department | Judge | Court Reporter | Type | Date | Time | Result |
|---|---|---|---|---|---|---|
| Department R17 - Rancho Cucamonga | Ochoa, Gilbert | | Trial Setting Conference | 2/23/2026 | 9:00AM | |

## Charges Disposition & PLEAS

| Count | Date | Details | | Citation # | Jurisdiction |
|---|---|---|---|---|---|
| | | | | | |
| | **Plea:** | - | | | |

## Financial Transactions

| Total | $435.00 | Total Balance: | $0.00 |
|---|---|---|---|
| **Date** | **Charges** | **Payments** | **Credits** |
| 8/22/2025 | $435.00 | $0.00 | $0.00 |
| 8/22/2025 | $0.00 | $435.00 | $0.00 |
| **Total** | **$435.00** | **$435.00** | **$0.00** |

## Bonds

| Type | Description | Posted Date | Set Date | Amount |
|---|---|---|---|---|
| | | | | |

## Related Cases

| Case Number | Case Type | Case SubType | Description | Comments |
|---|---|---|---|---|
| | | | | |

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
8/21/2025 1:27 PM
By: Camille Chamois, DEPUTY

1  Yoon O. Ham  SBN 244121
   LAW OFFICE OF YOON O. HAM
2  1425 W Foothill Blvd, Suite 235
   Upland, CA 91786-8024
3  Phone: 909-256-2920  |  Fax: 909-256-2927
   Email: hamyesq@gmail.com
4

5  Attorney for Plaintiffs, PARKSIDE MEDICAL GROUP, INC. and MOHSEN ALI, M.D.

6

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF SAN BERNARDINO**

10

11  PARKSIDE MEDICAL GROUP, INC.;         Case No.  CIVRS2506904
    MOHSEN ALI, M.D.,
12                                         **COMPLAINT FOR:**
13              Plaintiffs,

14      v.                                 1)  **VIOLATION OF COMMERCIAL
                                               CODE §§ 11202-11204 (Unauthorized
15  FIRST-CITIZENS BANK & TRUST               Payment Orders)**
    COMPANY;  and DOES 1-20,             2)  **BREACH OF CONTRACT**
16                                         3)  **BREACH OF THE IMPLIED
                                               COVENANT OF GOOD FAITH AND
17              Defendants.                    FAIR DEALING**
                                           4)  **NEGLIGENCE**
18                                         5)  **CONVERSION**
                                           6)  **MONEY HAD AND RECEIVED**
19                                         7)  **UNFAIR COMPETITION (Bus. & Prof.
                                               Code, § 17200, et seq.)**
20                                         8)  **DECLARATORY AND INJUNCTIVE
                                               RELIEF**
21                                         9)  **FINANCIAL ELDER ABUSE**
22

23

24

25                                         **DEMAND FOR JURY TRIAL**

26

27

28

---

COMPLAINT                                                                    1

1

2

3      Plaintiffs PARKSIDE MEDICAL GROUP, INC ("Parkside") and MOHSEN ALI, M.D.

4   ("Dr. Ali"), (collectively "Plaintiffs"), allege as follows:

5

6   **I.    INTRODUCTION**

7          1.      This action arises from the catastrophic failure of Defendant FIRST-CITIZENS

8   BANK & TRUST COMPANY ("FCB" or the "Bank") to implement and maintain

9   commercially reasonable security procedures to protect its customers' accounts from

10  unauthorized electronic theft. As a direct result of the Bank's deficient security and its disregard

11  of its own internal fraud warnings, Parkside, a small medical practice, was victimized by an

12  "Account Take-Over," in the Bank's own words. In a matter of minutes, a cybercriminal

13  initiated two fraudulent wire transfers, draining Parkside's operating account of $149,721.80.

14         2.      Despite clear and undeniable red flags that should have triggered heightened

15  security protocols and prevented the transfers, FCB processed the fraudulent payment orders.

16  The Bank's security system—which it now claims was "commercially reasonable"—failed to

17  detect or stop a classic account takeover scheme. After the theft, FCB conducted a perfunctory

18  and self-serving investigation and wrongfully refused to reimburse Plaintiffs for its losses,

19  instead hiding behind unconscionable, non-negotiable terms buried in an 83-page adhesion

20  contract that purports to shift the entire risk of such a theft onto its customer. FCB's conduct not

21  only violates its statutory duties under the California Commercial Code but also constitutes a

22  breach of contract, negligence, and unfair business practices. Parkside brings this action to

23  recover its stolen funds and to hold FCB accountable for its profound security failures

24

25  **II.   PARTIES**

26         3.      Plaintiff, PARKSIDE MEDICAL GROUP, INC. ("Parkside") is, and at all

27  relevant times was, a professional corporation organized under the laws of the State of

28

---

COMPLAINT                                                                          2

California with its principal place of business in Chino Hills, San Bernardino County, California.

4.      Plaintiff, MOHSEN ALI, M.D., ("Dr. Ali") is a physician licensed to practice in the State of California and practicing in the City of Upland in San Bernardino County, California.  Dr. Ali is the shareholder of Parkside. All injuries alleged herein suffered by Parkside because of the Defendants' wrongful conduct ultimately were suffered and born by Dr. Ali as the owner of Parkside.

5.      Defendant FIRST-CITIZENS BANK & TRUST COMPANY ("FCB") is a state chartered bank under the laws of North Carolina with its principal place of business in Raleigh, North Carolina. FCB regularly conducts substantial business throughout California, maintaining numerous branch offices, soliciting customers, and providing treasury management services within the state. Parkside opened and maintained the subject bank account at FCB's branch located in Temecula, California

6.      The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue these defendants by such fictitious names. Plaintiffs are informed and believes, and on that basis allege, that each of the fictitiously named defendants is negligently, wrongfully, or otherwise legally responsible in some manner for the occurrences alleged herein, and that Plaintiffs' damages were proximately caused by their conduct. Plaintiffs will amend this Complaint to allege their true names and capacities when they have been ascertained.

7.      Plaintiffs are informed and believes, and on that basis alleges, that at all times mentioned herein, each of the Defendants was the agent, servant, employee, partner, joint venturer, or representative of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency, employment, or other relationship.

///
///
///

## III. JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over all causes of action asserted herein. This Court has personal jurisdiction over FCB because it maintains substantial and continuous business contacts in California, including operating the branch where the account at issue was opened and maintained.

9.     Venue is proper in the Superior Court for the County of San Bernardino pursuant to California Code of Civil Procedure sections 395(a) and 395.5 because the injury—the unauthorized debiting of funds from Parkside's account—occurred in this County, where Parkside maintains its principal place of business.

10.    FCB's account agreement contains a provision (§ 24) purporting to require that all legal actions be filed in North Carolina. This forum-selection clause is unconscionable, unenforceable, and void as against California's strong public policy. The clause is procedurally unconscionable because it is part of a contract of adhesion, imposed upon Parkside without any opportunity for negotiation. It is substantively unconscionable because litigating in North Carolina would be so gravely difficult and inconvenient for Parkside, a small California medical practice, that it would, for all practical purposes, be deprived of its day in court. Enforcing this clause would violate California's fundamental policy of providing its residents a local forum to seek redress for wrongs committed within its borders, particularly when the dispute involves the application of California's version of the Uniform Commercial Code.

## IV. GENERAL ALLEGATIONS

### A. The Factual Background

11.    At all relevant times, Parkside maintained business checking account no. •••5783 with FCB (the "Account").  In connection with the Account, FCB provided online banking services, including the ability to initiate fund transfers through the Automated Clearing House ("ACH") network.

12.    On or about November 25, 2024, an unauthorized third party (the "Fraudster") gained access to Parkside's online banking credentials through a sophisticated phishing scam.

1   The Fraudster, as alleged by FCB, spoofed FCB's caller ID and allegedly tricked Parkside's

2   principal, Dr. Ali, into providing information under the false pretense of verifying legitimate

3   transactions.

4        13.   On that day, the Fraudster initiated two large, unauthorized ACH transfers from the

5   Account to accounts at JP Morgan Chase Bank held by unknown individuals. The transfers

6   were:  a.  A transfer of $101,430.76 at approximately 2:33 p.m.

7             b.  A transfer of $48,291.04 at approximately 3:04 p.m.

8        (collectively, the "Unauthorized Transfers").

9        14.   There were insufficient funds in the Account to cover the Unauthorized Transfers.

10  Provided, however, that Parkside had a business line of credit with FCB which line of credit was

11  personally guaranteed by Dr. Ali.  FCB drew down on the line of credit to cover the

12  Unauthorized Transfers without calling or contacting Dr. Ali.  FCB later demanded Parkside and

13  Dr. Ali pay the balance owed on the line of credit drawn which FCB had drawn down to cover

14  Unauthorized Transfers.  Dr. Ali paid FCB the line of credit balance when threatened when

15  threatened with collection action by FCB.

16       15.   The Unauthorized Transfers were fraudulent. Parkside and Dr. Ali did not intend to

17  make them, did not authorize them, and received no benefit from them. FCB's own "Case

18  Overview Report" correctly classifies the incident as an "Account Take-Over."

19       **B.  FCB's Inadequate Security and Disregard of Red Flags**

20       16.   FCB's security procedure for authenticating the transfers was grossly inadequate

21  and commercially unreasonable. The Bank relied exclusively on (a) recognizing the device used

22  for login (which the Fraudster had compromised via remote access) and (b) sending one-time

23  passcodes via SMS text message to Dr. Ali's phone (which Dr. Ali was tricked into relaying to

24  the Fraudster).

25       17.   The Unauthorized Transfers bore numerous conspicuous red flags that a

26  commercially reasonable security system would have detected, and that should have triggered

27  enhanced verification procedures or an immediate freeze on the Account. These red flags

28  included:

---

COMPLAINT                                                          5

a. <u>Anomalous Activity</u>: Parkside had no history of making large, six-figure ACH transfers. The two transfers on November 25, 2024, were wildly out of character with the Account's typical activity.

b. <u>Unusual Timing and Velocity</u>: The two large transfers were initiated just minutes apart.

c. <u>Account Depletion</u>: The transfers collectively drained nearly all funds from the Account.

d. <u>New Payees:</u> The beneficiary accounts at Chase Bank were unknown and had never been paid by Parkside before.

18.     . Despite these clear warning signs, FCB failed to take any additional steps to verify the legitimacy of the payment orders. It failed to implement industry-standard security measures such as a human call-back confirmation for high-value or anomalous transactions, IP address geo-filtering, or a "cooling-off" period for transfers to new beneficiaries. Such layered security measures are standard practice for reasonably prudent banks and, as recognized by the New York Attorney General in a similar case against another bank, (*People of the State of New York v. Citibank N.A.*,  U.S.D.C., SDNY, Case No. 1:24-cv-00659-JPO),  are essential to combatting account takeover fraud.

19.     On or about November 26, 2024, within 24 hours of discovering the fraud, Parkside provided timely and detailed notice to FCB, reported the Unauthorized Transfers, and requested that they be reversed.

20.     FCB conducted a superficial internal investigation and, on April 2, 2025, sent Parkside a letter from its attorneys refusing to reimburse the stolen funds. The Bank's refusal was based on its contention that its security procedures were commercially reasonable and that its account agreement shifted the risk of loss to Parkside.

**C.  The Unconscionable and Unlawful Account Agreement**

21.     The denial letter cited FCB's "Master Treasury Management Services Agreement," an 83-page, single-spaced, fine-print document that Parkside does not recall ever receiving or signing, and which was certainly never negotiated. This contract of adhesion

1  contains several provisions that are unconscionable, against public policy, and void under

2  California law.

3      22.      Specifically, the agreement purports to:

4          a)  Deem any instruction entered with an "Access Device" as "authorized by

5          you… even if such access and use is not authorized" (§ 8.3, emphasis added). This

6          term is a direct attempt to unlawfully circumvent the protections of the California

7          Commercial Code, which defines when a payment order is effective.

8          b)  Disclaim any obligation to protect customers from criminal activity, stating the

9          Bank has "no duty or obligation whatsoever to protect you from such criminal

10         activities" (§ 9.1) and is not responsible for losses arising from unauthorized

11         intrusions into a customer's computers (§ 9.2).

12         c)  Force Parkside to agree that the Bank's security procedures are "commercially

13         reasonable" merely by using the service (§ 8.1).

14     23. These exculpatory clauses are illegal and unenforceable. They violate the non-

15  waivable duties of good faith and ordinary care imposed on banks by the California Commercial

16  Code (§ 1302, § 11203). Furthermore, they are void under California Civil Code § 1668, which

17  prohibits contracts that exempt a party from responsibility for its own negligence or violation of

18  law.

**FIRST CAUSE OF ACTION**

*(Plaintiffs for  Unauthorized Payment Orders – Cal. Com. Code, §§ 11202-11204)*

21     24.      Plaintiffs reallege paragraphs 1 through 23, inclusive, as though set forth in full

22  herein.

23     25.      Under California Commercial Code § 11202, a payment order received by a bank

24  is effective as the order of the customer only if (1) it was authorized by the customer, or (2) it is

25  enforceable against the customer under § 11203.

26     26.      The Unauthorized Transfers were not authorized by Parkside

27     27.      For an unauthorized payment order to be enforceable, the bank bears the burden of

28  proving that (a) it accepted the payment order in good faith, and (b) it verified the order's

COMPLAINT                                                                7

1 authenticity through a commercially reasonable security procedure. Cal. Com. Code § 11202(b).

2 FCB can prove neither.

3     28.    FCB's security procedure was not commercially reasonable under the

4 circumstances. A procedure that relies solely on compromised device credentials and SMS

5 passcodes, without any behavioral analysis, velocity checks, or out-of-band verification for

6 anomalous six-figure transfers that deplete an account, is manifestly unreasonable for a

7 commercial account. A reasonable procedure would have flagged the transfers as highly

8 suspicious and triggered further authentication.

9     29.    Furthermore, FCB did not accept the payment orders in good faith. "Good faith"

10 means honesty in fact and the observance of reasonable commercial standards of fair dealing.

11 By ignoring the numerous red flags detailed above, FCB failed to observe reasonable

12 commercial standards of fair dealing and acted with willful blindness to the obvious fraud being

13 perpetrated on its customer.

14     30.    Because the Unauthorized Transfers were not authorized and are not enforceable

15 against Parkside, they are not effective as the orders of Parkside. FCB is therefore obligated

16 under Commercial Code § 11204 to refund the full amount of the transfers to Parkside, plus

17 interest.

18     31.    FCB has refused, and continues to refuse, to refund the $149,721.80. As a result,

19 Parkside has been damaged in that amount, plus prejudgment interest from September 25, 2024.

20

21 **SECOND CAUSE OF ACTION**

22 *(Plaintiffs for Breach of Contract)*

23     32.    Plaintiffs reallege all preceding paragraphs, 1 through 31 as if fully set forth

24     herein.

25     33.    Parkside and FCB entered into a written agreement for deposit and banking

26 services (the "Deposit Agreement").

27     34.    Implicit and explicit in the Deposit Agreement is FCB's promise to hold

28 Parkside's funds on deposit, to pay them out only according to Parkside's authorized

COMPLAINT     8

instructions, and to exercise ordinary care in processing transactions and safeguarding the Account.

35. FCB breached the Deposit Agreement by, among other things:

    a) Debiting Parkside's Account in the amount of $149,721.80 based on payment orders that were not authorized or effective; and

    b) Failing to exercise ordinary care in the processing of payment orders and in the provision of its online banking services.

36. As a direct and proximate result of FCB's breach of contract, Parkside has been damaged in the amount of $149,721.80, plus consequential damages and pre-judgment interest from and after November 25, 2024.

## THIRD CAUSE OF ACTION

*(Plaintiffs forBreach of Contract of the Implied Covenant of Good Faith and Fair Dealing)*

37. Plaintiffs reallege all preceding paragraphs, 1 through 36 as if fully set forth herein

38. The law implies a covenant of good faith and fair dealing in every contract, including the Deposit Agreement, which requires that neither party do anything to injure the right of the other to receive the benefits of the agreement.

39. The principal benefit of the Deposit Agreement for Parkside was the secure maintenance of its funds by a professional banking institution.

40. FCB breached the implied covenant by, among other things:

    a) Failing to implement and maintain commercially reasonable security procedures;

    b) Ignoring multiple red flags indicating a fraudulent account takeover;

    c) Processing the Unauthorized Transfers despite the highly suspicious circumstances; and

---

COMPLAINT                                     9

d) Unfairly attempting to enforce unconscionable and illegal contract terms to deny Parkside the benefit of the banking relationship.

41    FCB's conduct unfairly frustrated Parkside's right to receive the benefits of the contract and was undertaken in bad faith.

42.    As a direct and proximate result of FCB's breach of the implied covenant, Parkside has been damaged in the amount of $149,721.80, plus consequential damages and pre-judgment interest from and after November 25, 2024.

## FOURTH CAUSE OF ACTION

### *(Plaintiffs for Negligence)*

43.    Plaintiffs reallege and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

44.    FCB, as a banking institution offering sophisticated online financial services, owed Parkside a duty to use reasonable care in designing, implementing, and maintaining its security systems to protect customer accounts from foreseeable harm, such as account takeover fraud.

45.    FCB breached its duty of care by, among other acts and omissions:

a) Failing to implement a multi-layered, commercially reasonable security system;

b) Failing to incorporate behavioral analytics, velocity checks, or other industry-standard fraud detection tools;

c) Failing to require out-of-band, human confirmation for high-risk transactions;

d) Failing to properly train its employees to recognize and respond to fraudulent activity; and

e) Processing the Unauthorized Transfers when it knew or should have known they were fraudulent.

46.    The harm suffered by Parkside was a foreseeable result of FCB's negligence. Had FCB exercised reasonable care, the Unauthorized Transfers would have been prevented.

47.     As a direct and proximate result of FCB's negligence, Parkside has been damaged in the amount of $149,721.80, plus pre-judgment interest from and after November 25, 2024.

## FIFTH CAUSE OF ACTION

### *(Plaintiffs for Conversion)*

48.     Plaintiffs reallege and incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

49.     At the time of the Unauthorized Transfers, Parkside was the owner of and had a right to immediate possession of the $149,721.80 on deposit in the Account.

50.     FCB wrongfully and without authorization exercised dominion and control over Parkside's funds by debiting the Account and transferring the funds to third parties for the Fraudster's benefit.

51.     FCB's actions were a substantial interference with Parkside's property rights. Parkside has demanded the return of its funds, and FCB has refused.

52.     As a direct and proximate result of FCB's conversion, Parkside has been damaged in the amount of $149,721.80, plus pre-judgment interest.

## SIXTH CAUSE OF ACTION

### *(Plaintiffs for Money Had & Received)*

53.     Plaintiffs reallege and incorporates by reference paragraphs 1 through 52 as if fully set forth herein.

54.     FCB received money from Parkside in the amount of $149,721.80, which was intended to be held for the benefit of Parkside.

55.     FCB is now in possession of said funds, or the credit therefor, which in good conscience and equity it ought to pay to Parkside.

56.     FCB has failed and refused to return the money to Parkside. As a result, FCB has been unjustly enriched at Parkside's expense

## SEVENTH CAUSE OF ACTION

*(Plaintiffs for Unfair Competition – Bus. & Prof. Code, § 17200)*

57.     Plaintiffs reallege and incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58.     FCB is a "person" as defined by Business and Professions Code § 17201, and its conduct constitutes business acts and practices.

59.     FCB has engaged in business acts and practices that are unlawful, unfair, and fraudulent within the meaning of Business and Professions Code § 17200.

60.     <u>Unlawful</u>: FCB's conduct is unlawful because it violates, inter alia, California Commercial Code §§ 11202-11204 and California Civil Code § 1668, as alleged herein.

61.     <u>Unfair</u>: FCB's conduct is unfair because it offends established public policy and is immoral, unethical, oppressive, and unscrupulous. FCB's practice of imposing adhesion contracts with illegal exculpatory clauses that purport to shift the entire risk of its own security failures to its customers is substantially injurious to consumers and violates the policies underlying the Commercial Code.

62.     <u>Fraudulent</u>: FCB's conduct is fraudulent because it is likely to deceive the public. FCB markets its banking services as safe and secure, creating a reasonable expectation that it will protect customer funds with adequate security. However, FCB conceals its true practice of contractually disclaiming this fundamental duty, thereby deceiving customers about the true allocation of risk in the banking relationship.

63.     Parkside has lost money as a result of these unfair competition practices and is entitled to restitution of the $149,721.80 wrongfully taken from its Account. Parkside also seeks an injunction to prohibit FCB from continuing these unlawful, unfair, and fraudulent practices in California.

///

///

///

///

COMPLAINT                                                                            12

**EIGHTH CAUSE OF ACTION**

*(Plaintiffs for Declaratory & Injunctive Relief)*

64. Plaintiffs reallege and incorporates by reference paragraphs 1 through 63 as if fully set forth herein.

65. An actual and present controversy has arisen and now exists between Parkside and FCB concerning their respective rights and duties under the Deposit Agreement and California law. Parkside contends that the provisions in the agreement that (a) deem all instructions using an Access Device to be authorized, (b) disclaim all liability for criminal fraud, and (c) impose an exclusive North Carolina forum are procedurally and substantively unconscionable, void, and unenforceable under California law. FCB disputes these contentions and seeks to enforce these provisions against Parkside.

66. These provisions are procedurally unconscionable because they are contained in a lengthy, dense contract of adhesion presented to Parkside on a take-it-or-leave-it basis, without any opportunity for negotiation or explanation.

67. These provisions are substantively unconscionable because they are overly harsh, unduly oppressive, and create a one-sided allocation of risk that shocks the conscience. They purport to strip Parkside of statutory protections and remedies while immunizing the Bank from the consequences of its own misconduct.

68. Parkside desires a judicial determination and declaration of its rights and duties. A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their rights and obligations.

69. Parkside seeks a declaration that the aforementioned provisions of the Deposit Agreement are void and unenforceable. Parkside also seeks an order enjoining FCB from enforcing or attempting to enforce these provisions against Parkside or other California customers.

///

///

///

### NINTH CAUSE OF ACTION

*(Dr. Ali for Financial Elder Abuse)*

70.     Plaintiffs reallege and incorporates by reference paragraphs 1 through 69 as if fully set forth herein.

71.     At all relevant times mentioned herein, Plaintiff, Dr. Ali was a resident of the State of California, was over the age of 65, and was an "elder" within the meaning of Welfare & Institutions Code § 15610.23.

72.     Plaintiffs alleges that FCB wrongfully took, seized, misappropriated and coerced money from Dr. Ali by means of drawing down on a Parkside business line of credit personally guaranteed by Dr. Ali.   FCB took, obtained, and appropriated personal property from Dr. Ali for a wrongful use. Specifically, after its commercially unreasonable security procedures failed, FCB created an improper debt on a line of credit personally guaranteed by Dr. Ali. FCB then used threats of collection action to compel Dr. Ali to pay that debt, thereby taking his personal funds to cover a loss caused by FCB's own misconduct.

73.     FCB knew or should have known that its conduct was likely to be harmful to Dr. Ali. The Bank was aware of the numerous red flags indicating the transfers were fraudulent, yet it processed them anyway. By then enforcing a personal guarantee against an elder to cover the loss from a theft it should have prevented, FCB knew or should have known it was causing direct financial harm to Dr. Ali.

74.     FCB's threats of collection activity and credit impairment coerced Dr. Ali to pay the line of credit balance to prevent threatened collection activity and credit impairment despite the fact that there never should have been any draw down on the line of credit  if FCB had implemented reasonable security procedures and controls. Plaintiffs allege that the course of conduct by FCB alleged hereinabove constituted financial elder abuse under Welf. Inst. Code §15610.30 and that Dr. Ali is entitled to reimbursement of the amount paid by him on the business line of credit, damages for emotional distress and mental suffering, and an award of reasonable attorneys' fees pursuant to Welf. Inst. Code §15657.5.

75.     The wrongful conduct of FCB and its agents was committed with malice, oppression, and fraud, demonstrating a willful and conscious disregard of the rights and safety of Plaintiffs, thereby entitling Dr. Ali to an award of punitive damages.

### DEMAND FOR JURY TRIAL

76.     Plaintiffs hereby demand trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, PARKSIDE MEDICAL GROUP, INC. and MOHSEN ALI, M.D., pray for judgment against Defendants, as follows:

AS FOR PLAINTIFF, PARKSIDE MEDICAL GROUP, INC. ON THE FIRST THROUGH THE EIGHTH CAUSES OF ACTION:

1.      For general and compensatory damages in the amount of $149,721.80;

2.      For pre-judgment interest at the legal rate from November 25, 2024;

3.      For restitution of $149,721.80 and injunctive relief under Bus. & Prof. Code § 17203;

4.      For a judicial declaration that the challenged contract provisions are unconscionable, void and unenforceable;

5.      For injunctive relief enjoining FCB from engaging in the unlawful, unfair, and fraudulent business practices alleged herein;

AS FOR PLAINTIFF, MOHSEN ALI, M.D. ON THE NINTH CAUSE OF ACTION FOR ELDER ABUSE

6.      For an award of compensatory damages, including restitution of the amounts paid by Parkside and Mohsen Ali, M.D. to FCB on the Unauthorized ACH transfers, in the amount of $149,721.80, according to proof;

7.      For pre-judgment interest on said sum at the legal rate;

8.      For general damages, including emotion distress and mental suffering;

9.      For an award of punitive damages.

ON ALL CAUSES OF ACTION:

10.    For an award of reasonable attorney's fees where permitted by statute or contract;

11.    For costs of suit,;

12.    For such other and further relief as the Court deems just and proper.


Respectfully Submitted,


Dated:  July 29, 2025

Yeon O. Ham,
Attorney for Plaintiffs
PARKSIDE MEDICAL GROUP, INC.
and MOHSEN ALI, M.D.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D.,

Case No.: ___CIVRS2506904___

vs.

## CERTIFICATE OF ASSIGNMENT

FIRST-CITIZENS BANK & TRUST COMPANY; and DOES 1-20

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
___Rancho Cucamonga___ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General     ☐ Collection

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other _torts_ | Financial Elder Abuse, Conversion, Negligence |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

___Harm happened within District___       ___1310 San Bernardino Rd STE 102___
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR       ADDRESS

___Upland___       ___CA___       ___91786___
CITY       STATE       ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on ___July 31, 2025___ at ___Upland, California___ ,
California.

_____
Signature of Attorney/Party

Form # 13-16503-360       CERTIFICATE OF ASSIGNMENT       Rev. June 2019
Mandatory Use

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Yoon O. Ham SBN 244121<br>1425 W. Foothill Blvd., Suite 235, Upland, CA 91786<br><br>TELEPHONE NO.: 909-256-2920   FAX NO. :<br>EMAIL ADDRESS: hamyesq@gmail.com<br>ATTORNEY FOR *(Name)*: Plaintiffs PARKSIDE MEDICAL GROUP, INC. and MOHSEN ALI, M.D. | ***FOR COURT USE ONLY***<br><br>**Electronically Filed**<br>Superior Court of California<br>County of San Bernardino<br>Rancho Cucamonga District<br>8/21/2025 1:27 PM<br>By: Camille Chamois, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS: Same
CITY AND ZIP CODE: Rancho Cucamonga 91730
BRANCH NAME: Rancho Cucamonga District

CASE NAME:
PARKSIDE MEDICAL GROUP, INC, et al. v FIRST-CITIZENS BANK & TRUST COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CIVRS2506904 |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $35,000)   $35,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 9
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 31, 2025
Yoon O. Ham
_____
(TYPE OR PRINT NAME)      ▶ _____
         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
 Product Liability *(not asbestos or
 toxic/environmental)* (24)
 Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
 Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
 Practice (07)
 Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
 Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
 Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case Review
 Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
 Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
 relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
 Governance (21)
 Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRST-CITIZENS BANK & TRUST COMPANY; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D.

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
8/22/2025
By: Camille Chamois, DEPUTY

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rancho Cucamonga District

8303 Haven Ave, Rancho Cucamonga, CA 91730

</td><td>

**CASE NUMBER:**
*(Número del Caso):* CIVRS2506904

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Yoon O. Ham, LAW OFFICE OF YOON O. HAM, 1425 W. Foothill Blvd., Suite 235, Upland, CA 91786; (909) 256-2920

| DATE: 8/22/2025 | Clerk, by | /s/ Camille Chamois | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
Rancho Cucamonga District
8303 Haven Avenue
Rancho Cucamonga California  91730
www.sb-court.org
909-350-9764

| ALI, M.D.et al -v- FIRST-CITIZENS BANK & TRUST COMPANYet al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number |
| | CIVRS2506904 |

Law Office of Yoon O Ham
1425 West Foothill Blvd
Suite 235
Upland CA  91786

hamyesq@gmail.com

This case has been assigned to:   Gilbert Ochoain Department R17 - Rancho Cucamonga for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  2/23/2026 at 9:00 AM in Department R17 - Rancho Cucamonga

Date:  8/22/2025

By: _____

Camille Chamois, Deputy Clerk

--------------------------------------------------------------
--------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

☒ A copy of this notice was electronically served via email to the interested party at the email address provided through eFile or the case file as shown above, in compliance with court procedures and applicable laws.

Date of Mailing:  8/22/2025

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 8/22/2025 at Rancho Cucamonga, CA.

By: _____

Camille Chamois, Deputy Clerk

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
Yoon O. Ham  SBN 244121
**LAW OFFICE OF YOON O. HAM**
**1425 W. Foothill Blvd., Suite 235, Upland, CA 91786**
    TELEPHONE NO.:  909-256-2920    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:  hamyesq@gmail.com
    ATTORNEY FOR *(Name)*:  **PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D.**

</td><td>

**FOR COURT USE ONLY**

</td></tr>
</table>

**Superior Court of California, County of San Bernardino**
    STREET ADDRESS:  8303 Haven Ave
    MAILING ADDRESS:  Same
    CITY AND ZIP CODE:  Rancho Cucamonga  91730
    BRANCH NAME:  Rancho Cucamonga District

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
9/5/2025 10:09 AM
By: Gabriela Flores, DEPUTY

| | |
|---|---|
| PLAINTIFF/PETITIONER: **PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D.** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **FIRST-CITIZENS BANK & TRUST COMPANY; DOES 1-20** | **CIVRS2506904** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **PM-51113** |

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents)*:
   **SUMMONS; COMPLAINT; CERTIFICATE OF ASSIGNMENT; CIVIL CASE COVER SHEET**

3. a.  Party served *(specify name of party as shown on documents served)*:
   **FIRST-CITIZENS BANK & TRUST COMPANY**

   b. [X]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:
   **Sarai Marin**

4. Address where the party was served:
   **330 N Brand Blvd, Glendale, CA 91203**

5. I served the party *(check proper box)*

   a. [X]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **08/26/2025** at *(time):* **9:44 AM**

   b. [ ]  **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [ ]  I thereafter caused to be mailed (by first class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc § 415.20). Documents were mailed on *(date):*      from *(city):*      **or** [ ] a declaration of mailing is attached.

       (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 3

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10
Tracking #: **0183792236**

REF: **PM-51113**



| PLAINTIFF/PETITIONER: PARKSIDE MEDICAL GROUP, INC.; MOHSEN ALI, M.D. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FIRST-CITIZENS BANK & TRUST COMPANY; DOES 1-20 | CIVRS2506904 |

c. ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify)* **FIRST-CITIZENS BANK & TRUST COMPANY c/o c/o C T CORPORATION SYSTEM,**

    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)     ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)     ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)     ☐ 415.46 (occupant)

    ☐ other:

7. **Person who served papers**

a. Name:     **Arica Ohanisian**

b. Address:     **7892 Shadyspring Drive, Burbank, CA 91506**

c. Telephone number:     **818-434-2474**

d. The fee for service was: **$ 75.00**

e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

        (i) ☐ owner ☐ employee ☒ independent contractor.   For:   **ABC Legal Services, LLC**

        (ii) ☒ Registration No.: **2025115760**     Registration #: **6779**

        (iii) ☒ County: **Los Angeles**     County: **Los Angeles**

**BY FAX**

Page 2 of 3

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**     Tracking #: **0183792236**



REF: **PM-51113**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: 08/26/2025

**Arica Ohanisian**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

REF: **PM-51113**

**PROOF OF SERVICE OF SUMMONS**

Tracking #: **0183792236**

